UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PAUL J. McNALLY, as he is TRUSTEE,
MASSACHUSETTS LABORERS' HEALTH AND
WELFARE FUND and NEW ENGLAND LABORERS'
TRAINING TRUST FUND; JAMES MERLONI, JR.,
as he is TRUSTEE, MASSACHUSETTS LABORERS'
PENSION FUND and MASSACHUSETTS LEGAL
SERVICES FUND; MARTIN F. WALSH, as he is
TRUSTEE, MASSACHUSETTS LABORERS'
ANNUITY FUND,
        Plaintiffs

vs.

MAC'S CONTRACTING CO., INC.,
        Defendant

and

PEABODY CONSTRUCTION COMPANY,
        Reach-and-Apply Defendant

and

EASTERN BANK,
        Trustee

C.A. No. 04-11775 JLT

## AMENDED COMPLAINT

### NATURE OF ACTION

1.    This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a), (3) and (d)(1) and 1145, and §301 of the Labor Management Relations Act, 29 U.S.C. §185, by employee benefit plans to enforce the obligations to make contributions to such plans due under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2. The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3. Plaintiff Paul J. McNally is a Trustee of the Massachusetts Laborers' Health and Welfare Fund. The Massachusetts Laborers' Health and Welfare Fund is an "employee welfare benefit plan" within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

4. Plaintiff James Merloni, Jr. is a Trustee of the Massachusetts Laborers' Pension Fund. The Massachusetts Laborers' Pension Fund is an "employee pension benefit plan" within the meaning of §3(2) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

5. Plaintiff Martin F. Walsh is a Trustee of the Massachusetts Laborers' Annuity Fund. The Massachusetts Laborers' Annuity Fund is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

6. Plaintiff James Merloni, Jr. is a Trustee of the Massachusetts Laborers' Legal Services Fund. The Massachusetts Laborers' Legal Services is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 14 New England Executive Park, Burlington, Massachusetts, within this judicial district.

7. Plaintiff Paul J. McNally is a Trustee of the New England Laborers' Training Trust Fund. The New England Laborers' Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 37 East Street, Hopkinton, Massachusetts, within this judicial district.

8. The Health and Welfare, Pension, Annuity, Legal Services and Training Funds are multi-employer plans within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). They are hereinafter collectively referred to as "the Funds."

9. Defendant Mac's Contracting Co., Inc. (hereinafter "Mac's" or "the Employer"), is a Massachusetts corporation with a principal place of business at 41 Harrison Avenue, Saugus, Massachusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12).

10. Reach-and-Apply Defendant Peabody Construction Company (hereinafter "Peabody") is a Massachusetts corporation with a principal place of business at 536 Granite Street, Braintree, Massachusetts. Upon information and belief, Mac's has been working as a subcontractor to Peabody on recent projects. The Funds have a legal or equitable interest in any payments due Mac's from Peabody for work conducted on these projects.

11. Eastern Bank is a banking institution holding assets of the defendant.

## GENERAL ALLEGATIONS OF FACT

12. On or about May 1, 1997, defendant agreed in writing to be bound to the terms of the Restated Agreements and Declarations of Trust establishing Plaintiff Funds, to the terms of collective bargaining agreements requiring contributions to Plaintiff Funds; and to any successor agreements. A copy of defendant's signed agreement ("short form agreement") is attached hereto as Exhibit A.

13. Because of the short form agreement, the Employer was party to a collective bargaining agreement which was effective from June, 2000 through May, 2004 ("the Agreement"). A copy of the relevant portions of this Agreement is attached hereto as Exhibit B.

14. The Agreement requires employers to make contributions to Plaintiff Funds for each hour worked by covered employees. It also specifies the amount to be contributed by an employer to each of Plaintiff Funds for each hour worked. Employers are also required to file monthly Remittance Reports, on which employers calculate the payments they owe.

## COUNT I - VIOLATION OF ERISA - DELINQUENT CONTRIBUTIONS

15. Plaintiffs repeat and reallege each and every allegation set forth in paragraphs 1 - 14 supra.

16. On or about July 6, 2004, an auditor employed by plaintiff Funds audited Mac's payroll-related records for the period September, 2003 through May, 2004 and determined that it owes the Funds $127,813.17 in fringe benefit contributions for the period covered by the audit. The auditor also determined that Mac's owes $4,801.99 in underpayments and interest on late paid contributions.

17. The Funds notified Mac's of its delinquency and interest balance, by letter dated July 9, 2004.

18. Mac's subsequently made certain payments, thereby reducing the audit balance to $40,031.93. However it has accrued a new and as yet unliquidated liability for work performed during the period June through November, 2004.

19. The failure of defendant to pay any and all contributions due and owing as required by the terms of the Funds and the collective bargaining agreement violates §515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA, 29 U.S.C. §185.

20.     Absent an order from this Court, the defendant will continue to refuse to pay contributions owed, as a result of which the Funds and their participants will be irreparably damaged.

21.     A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - REACH-AND-APPLY AGAINST PEABODY CONSTRUCTION COMPANY

22.     Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 21 above.

23.     Upon information and belief, Mac's has been working as a subcontractor to Peabody on recent projects.  The Funds have a legal or equitable interest in any payments due Mac's from Peabody for work conducted on these projects.

24.     Further, there is no known insurance available to satisfy the judgment the Funds will obtain against Mac's.

25.     The funds held by Peabody cannot be attached or taken on execution except pursuant to G.L. c. 214, §3(6).

## RELIEF REQUESTED

WHEREFORE, plaintiff Funds requests this Court to grant the following relief:

a.      Order the attachment by trustee process of the bank accounts of Mac's held by Eastern Bank;

b.      Order the attachment of the machinery, inventory and accounts receivable of defendant Mac's;

c. Enter judgment in favor of the Plaintiff Funds in the amount of $40,031.93 plus any additional amounts determined by the Court to be owed by Mac's or which may become due during the pendency of this action, together with interest on the unpaid contributions at the rate prescribed under §6621 of the Internal Revenue Code, liquidated damages in an amount equal to 20 percent of the total of unpaid contributions or the total interest owed, whichever is greater, reasonable attorneys' fees, and costs, all pursuant to 29 U.S.C. §1132(g)(2);

d. Enter a temporary restraining order against Peabody and its agents, servants, employees, attorneys, and upon those persons in active participation or concert with them and those persons acting at their command who receive actual notices of this order by personal service or otherwise, and each and every one of them, from secreting, concealing, destroying, damaging, selling, transferring, pledging, encumbering, assigning, or in any way or manner disposing of or reducing the value of, or making any payment to Mac's on account of sums that are due or will hereafter become due Mac's from Peabody;

e. After notice and a hearing, enter an Order containing prayer 'd' or entering prayer 'd' as a preliminary injunction; and

  f. Such further and other relief as this Court deem appropriate.

            Respectfully submitted,

            PAUL J. MCNALLY, as he is
            TRUSTEE, MASSACHUSETTS
            LABORERS' HEALTH AND WELFARE
            FUND, et al,

            By their attorneys,


            /s/ Anne R. Sills
            Anne R. Sills, Esquire
            BBO #546576
            Gregory A. Geiman, Esquire
            BBO #655207
            Segal, Roitman & Coleman
            11 Beacon Street
            Suite #500
            Boston, MA  02108
            (617) 742-0208



Dated:  January 20, 2005




ARS/ars&ts
6306 04-007/complt-amend.doc