UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 FEB 24 P 1:57

U.S. DISTRICT COURT
DISTRICT OF MASS

PAUL J. McNALLY, as he is TRUSTEE, )
MASSACHUSETTS LABORERS' HEALTH )
AND WELFARE FUND and NEW ENGLAND )
LABORERS' TRAINING TRUST FUND; )
JAMES MERLONI, JR. as he is )
TRUSTEE, MASSACHUSETTS LABORERS' )
PENSION FUND and MASSACHUSETTS )
LEGAL SERVICES FUND; )
MARTIN F. WALSH, as he is )
TRUSTEE, MASSACHUSETTS LABORERS' )
ANNUITY FUND )
    Plaintiffs, )
v. ) C.A. NO. 04-11775JLT
 )
MAC'S CONTRACTING CO., INC. )
    Defendant, )
and )
 )
PEABODY CONSTRUCTION CO. INC. )
    Reach and Apply Defendant )
 )
and )
 )
Eastern Bank, )
    Trustee )

### ANSWER OF PEABODY CONSTRUCTION CO., INC.

Defendant Peabody Construction Co., Inc. ("Peabody") answers Plaintiffs', Paul J. McNally, as he is Trustee, Massachusetts Laborers' Health and Welfare Fund, et al ("Mass Laborers"), Complaint, paragraph by paragraph, as follows:

### NATURE OF ACTION

1. The allegations set forth in paragraph 1 of the Complaint are a characterization of the Complaint to which no response is

1

required. To the extent a response is required, Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

## JURISDICTION

2. The allegations set forth in paragraph 2 of the Complaint call for a legal conclusion to which no response is required.

## PARTIES

3. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Complaint.

4. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

6. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

7. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint

8. The allegations set forth in paragraph 8 of the Complaint call for a legal conclusion to which no response is required.

9. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

10. Peabody admits that it is a Massachusetts corporation with a principal place of business at 536 Granite Street, Braintree, Massachusetts. Peabody admits that Mac's has been a subcontractor to Peabody. The remaining allegations call for a legal conclusion to which no responsive pleading is required.

11. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

## GENERAL ALLEGATIONS OF FACT

12. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

13. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Complaint

14. The allegations set forth in paragraph 14 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Peabody is

without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Complaint.

### COUNT I –VIOLATION OF ERISA– DELINQUENT CONTRIBUTIONS

15. Peabody incorporates by reference its answers to paragraphs 1 through 14 above as though fully set forth herein.

16. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18. Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19. The allegations set forth in paragraph 19 of the Complaint call for a legal conclusion to which no response is required.

20. The allegations set forth in paragraph 20 of the Complaint call for a legal conclusion to which no response is required. To the extent a response is required, Peabody is without knowledge or information sufficient to form a belief as

4

to the truth of the allegations set forth in paragraph 20 of the Complaint.

21.   The allegations set for in paragraph 21 of the Complaint call for a legal conclusion to which no response is required.  To the extent a response is required, Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

COUNT II REACH AND APPLY
AGAINST PEABODY CONSTRUCTION COMPANY

22.   Peabody incorporates by reference its answers to paragraphs 1 through 21 above as though fully set forth herein.

23.   Peabody admits that Mac's has been a subcontractor to Peabody on recent projects.  The remaining allegations call for a legal conclusion to which no responsive pleading is required.

24.   Peabody is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Complaint.

25    The allegations set forth in paragraph 25 of the Complaint call for a legal conclusion to which no responsive pleading is required

FIRST AFFIRMATIVE DEFENSE

Mass Laborers' Complaint against Peabody fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Any damages alleged by Mass Laborers result from the acts and/or omissions of third parties over whom Peabody has no control.

## THIRD AFFIRMATIVE DEFENSE

Mass Laborers has failed to comply with G.L. 214,§3(6).

## FOURTH AFFIRMATIVE DEFENSE

Mass Laborers' Complaint is barred by the doctrines of Estoppel and Laches.

## FIFTH AFFIRMATIVE DEFENSE

Mass Laborers' Complaint is barred by the applicable statute of limitations.


WHEREFORE, Defendant Peabody Construction Co., Inc. prays that Plaintiff's, Paul J. McNally, as he is Trustee, Massachusetts of Laborers' Health and Welfare Fund, et al, Complaint be dismissed, with prejudice.

Respectfully submitted,

Peabody Construction Co., Inc.

By its attorneys,

John J. McNamara
BBO No. 557882
Myles C. Beltram
BBO No. 628339
Domestico, Lane & McNamara, LLP
161 Worcester Road
Framingham, MA  01701
(508) 626-9000

Dated: 2/23/05

## CERTIFICATE OF SERVICE

I, Myles C. Beltram, hereby certify that the foregoing was served via first class mail, postage prepaid, upon Anne R. Sills, Segal, Roitman & Coleman, 11 Beacon Street, Boston, MA 02108 on this 23 day of February, 2005.

Myles C. Beltram

7