UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
[CLERK]'S OFFICE

2005 APR 27  A II: 19

[U.S.] DISTRICT COURT
DISTRICT OF MASS

_____ )
                               )
PAUL J. McNALLY, as he is TRUSTEE, )
MASSACHUSETTS LABORERS' HEALTH )
AND WELFARE FUND and NEW ENGLAND )
LABORERS' TRAINING TRUST FUND; )
JAMES MERLONI, JR. as he is    )
TRUSTEE, MASSACHUSETTS LABORERS' )
PENSION FUND and MASSACHUSETTS )
LEGAL SERVICES FUND;           )
MARTIN F. WALSH, as he is      )
TRUSTEE, MASSACHUSETTS LABORERS' )
ANNUITY FUND                   )
        Plaintiffs,            )
v.                             )    C.A. NO. 04-11775JLT
                               )
MAC'S CONTRACTING CO., INC.    )
        Defendant,             )
and                            )
                               )
PEABODY CONSTRUCTION CO. INC.  )
        Reach and Apply Defendant )
                               )
and                            )
                               )
Eastern Bank,                  )
        Trustee                )
_____ )

MOTION FOR LEAVE TO WITHDRAW AS COUNSEL
FOR REACH AND APPLY DEFENDANT PEABODY CONSTRUCTION CO., INC.

Pursuant to Local Rule 83.5.2, S.J.C. Rule 3.07, and Mass. R. Prof. C. 1.16(b), the undersigned counsel move to withdraw their appearance as counsel for the Reach and Apply Defendant, Peabody Construction Co., Inc.  As grounds for this motion, counsel states as follows:

1. Counsel has represented Peabody in this action since February, 2005.

2. Counsel represents Peabody in other matters pending in the Courts of the Commonwealth and the United States District Court for the District of Massachusetts.

3. Peabody has failed substantially to fulfill certain obligations to counsel in this action and other actions and counsel has given Peabody reasonable warning that they will withdraw unless Peabody fulfills its obligations. See S.J.C. Rule 3.07, Mass. R. Prof. C. 1.16(b)(4).

4. Counsel for Peabody has set forth in more detail the specific obligations Peabody has failed to fulfill in the Affidavit of John J. McNamara, which Peabody's counsel has moved to impound.

5. An irretrievable breakdown in the attorney-client relationship has occurred that renders counsel's representation of Peabody unreasonably difficult. See S.J.C. Rule 3.07, Mass. R. Prof. C. 1.16(b)(5).

6. Counsel has notified Peabody of this irretrievable breakdown and has provide Peabody with a copy of this motion.

7. Based upon the foregoing reasons stated herein, the undersigned counsel respectfully request that this Motion to Withdraw as Counsel for Peabody Construction Co., Inc. be allowed.

8.  No party would be prejudiced by the allowance of this motion.

### REQUEST FOR HEARING

The undersigned hereby requests that this matter be heard at the Initial Scheduling Conference which is scheduled for May 3, 2005 at 10:15 a.m.

Respectfully submitted,

John J. McNamara
BBO No. 557882
Myles C. Beltram
BBO No. 628339
Domestico, Lane & McNamara, LLP
161 Worcester Road
Framingham, MA  01701
(508) 626-9000

Dated: April 26, 2005

### CERTIFICATE OF SERVICE

I, Myles C. Beltram, hereby certify that the foregoing was served via first class mail, postage prepaid, upon Anne R. Sills, Gregory Geiman, Segal, Roitman & Coleman, 11 Beacon Street, Boston, MA 02108 on this ___26___ day of April, 2005.

Myles C. Beltram