UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2005 APR 27  A 11: 19

U.S. DISTRICT COURT
DISTRICT OF MASS

|  |  |
|---|---|
| PAUL J. McNALLY, as he is TRUSTEE, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND and NEW ENGLAND LABORERS' TRAINING TRUST FUND; JAMES MERLONI, JR. as he is TRUSTEE, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LEGAL SERVICES FUND; MARTIN F. WALSH, as he is TRUSTEE, MASSACHUSETTS LABORERS' ANNUITY FUND<br>　　　Plaintiffs,<br>v.<br><br>MAC'S CONTRACTING CO., INC.<br>　　　Defendant,<br>and<br><br>PEABODY CONSTRUCTION CO. INC.<br>　　　Reach and Apply Defendant<br>and<br><br>Eastern Bank,<br>　　　Trustee |  C.A. NO. 04-11775JLT |

MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
IMPOUND AFFIDAVIT OF JOHN J. MCNAMARA IN SUPPORT
OF COUNSEL'S MOTION FOR LEAVE TO WITHDRAW AS COUNSEL FOR
REACH AND APPLY DEFENDANT PEABODY CONSTRUCTION CO., INC.

I.   INTRODUCTION.

Pursuant to Local Rule 7.2, counsel for the defendant, Peabody Construction Co., Inc. ("Peabody"), hereby moves to impound the Affidavit of John J. McNamara filed in support of Counsel's Motion to Withdraw as Counsel for Defendant

Peabody Construction Co., Inc. (the "Affidavit"). As grounds for its Motion, Peabody's Counsel states that good cause exists to impound the Affidavit, as it contains certain statements that, if made available to Plaintiff, Defendant, their counsel, or the public, would severely prejudice Peabody in this matter.

II. BACKGROUND.

The Plaintiff, Paul J. McNally, as he is Trustee of the Massachusetts Laborer's Health and Welfare Fund, et al ("Mass Laborers"), instituted this action to collect monies allegedly due and owing the Mass Laborers by the Defendant Mac's Contracting Co., Inc., ("Mac's") on a construction project known as Newton South. Although the action was commenced on August 13, 2004, Peabody was not served until February 4, 2005. Counsel for Peabody has represented Peabody in this litigation since February, 2005. See Affidavit of John J. McNamara in Support of Counsel's Motion to Impound ("McNamara Affidavit"), ¶5). Domestico, Lane & McNamara, LLP is a small firm with eight (8) lawyers and one (1) paralegal. McNamara Affidavit, ¶4. Counsel has represented Peabody since 1999 and presently represent Peabody on other unrelated matters. McNamara Affidavit, ¶6.

Counsel has moved to withdraw his representation and that of his associate, Myles C. Beltram, Esquire, based upon an irretrievable breakdown in the attorney-client relationship. McNamara Affidavit, ¶7. Counsel has set forth with limited specificity the details concerning the breakdown in the attorney-client relationship between counsel and Peabody in a separate affidavit (the "Affidavit"). McNamara Affidavit, ¶8.

III. ARGUMENT.

This Court possesses administrative powers over its records and files, and may impound certain documents "when justice so requires." Boston Herald, Inc. v. Sharpe, 432 Mass. 593, 604 (2004). Upon a finding of "good cause," this Court may issue an Order of Impoundment as to documents filed in the litigation. See Uniform Impoundment Procedure Rule 7; Boston Herald, Inc., 432 Mass. at 605. The Court must balance the rights of the parties affected by the impoundment, "including, but not limited to, the nature of the parties and the controversy, the type of information and the privacy interests involved, the extent of the community interest, and the reason for the request." Boston Herald, Inc., 432 Mass. at 605 n22.

Here, Counsel has submitted an Affidavit in Support of its Motion to Withdraw as Counsel that sets forth certain

damaging statements that are nevertheless necessary to apprise this Court of Counsel's basis for withdrawal. McNamara Affidavit, ¶8. The information contained in the Affidavit would be severely prejudicial to Peabody at a trial of this matter if the Mass Laborers, Mac's Contracting, their counsel, or the public is able to view the details set forth therein. McNamara Affidavit, ¶9. Conversely, the Plaintiff, Defendant, or the public would not be prejudiced by the impoundment of the Affidavit, as it sets forth the breakdown of the attorney-client relationship and not the merits of Peabody's defenses in this litigation. McNamara Affidavit, ¶11.

The information contained in the Affidavit, while not directly relevant to Peabody's defense of this matter, would have a negative impact upon the trial of this matter if not impounded. McNamara Affidavit, ¶10. Moreover, there is no overriding public concern that the Affidavit be made available for the general public to review. An *in-camera* review of the Affidavit will reveal that it does not contain matters of public concern and, instead, reveals the details of a private dispute between counsel and his client. See Boston Herald, Inc., 432 Mass. at 593 (refusing to impound records because of overriding public concern of protection for victims of domestic violence).

This case involves a labor dispute between two sophisticated parties and, as such, does not touch upon the "public concern" that typically prohibits impoundment. Id.

As such, Counsel's Motion to Impound should be allowed and further provide that upon dismissal of the case that post impoundment custody of the Affidavit shall remain with Domestico, Lane & McNamara, LLP.  .

IV. CONCLUSION.

Based upon the foregoing reasons stated herein, the undersigned counsel respectfully request that the Motion to Impound the Affidavit of John J. McNamara Filed in Support of Counsel's Motion to Withdraw as Counsel for Defendant Peabody Construction Co., Inc. be granted.

                                  Respectfully submitted,

                                  _____
                                  John J. McNamara
                                  BBO No. 557882
                                  Myles C. Beltram
                                  BBO No. 628339
                                  Domestico, Lane & McNamara, LLP
                                  161 Worcester Road
                                  Framingham, MA   01701
                                  (508) 626-9000

Dated: April 26, 2005

**CERTIFICATE OF SERVICE**

I, Myles C. Beltram, hereby certify that the foregoing was served via first class mail, postage prepaid, upon Anne R. Sills, Gregory Geiman, Segal, Roitman & Coleman, 11 Beacon Street, Boston, MA 02108 on this _26th_ day of April, 2005.

                                                Myles C. Beltram