UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
_____
                                  )
PAUL J. McNALLY, as he is TRUSTEE,)
MASSACHUSETTS LABORERS' HEALTH    )
AND WELFARE FUND and NEW ENGLAND  )
LABORERS' TRAINING TRUST FUND;    )
JAMES MERLONI, JR. as he is       )
TRUSTEE, MASSACHUSETTS LABORERS'  )
PENSION FUND and MASSACHUSETTS    )
LEGAL SERVICES FUND;              )
MARTIN F. WALSH, as he is         )
TRUSTEE, MASSACHUSETTS LABORERS'  )
ANNUITY FUND                      )
        Plaintiffs,               )
v.                                )   C.A. NO. 04-11775JLT
                                  )
MAC'S CONTRACTING CO., INC.       )
        Defendant,                )
and                               )
                                  )
PEABODY CONSTRUCTION CO. INC.     )
        Reach and Apply Defendant )
                                  )
and                               )
                                  )
Eastern Bank,                     )
        Trustee                   )
_____ )
```

AFFIDAVIT OF JOHN J. McNAMARA IN
SUPPORT OF COUNSEL'S MOTION TO IMPOUND

I, John J. McNamara, being duly sworn, do hereby depose and state the following based upon my personal knowledge concerning the matters in the above-referenced action:

1. I am counsel of record for the defendant, Peabody Construction Co., Inc. ("Peabody") in this action.

2. I am admitted to practice law in the Commonwealth of Massachusetts and the United States District Court for the District of Massachusetts, of which I am a member in good standing.

3. I am a partner of the law firm of Domestico, Lane & McNamara, LLP.

4. My firm is a small firm with eight (8) lawyers and one (1) paralegal.

5. I have represented Peabody in this action since February, 2005.

6. I have represented Peabody since 1999 and presently represent Peabody on other unrelated matters.

7. I have moved to withdraw my representation and that of my associate Myles C. Beltram, Esquire based upon an irretrievable breakdown in the attorney-client relationship.

8. I have set forth with limited specificity the details concerning the breakdown in the attorney-client relationship between this firm and Peabody in a separate affidavit (the "Affidavit") that I am seeking to impound.

9. Peabody would be unfairly prejudiced if the Plaintiff, Defendant, their counsel, or the public, are able to review the details of the Affidavit.

10. In particular, the Affidavit sets forth certain details concerning Peabody that might be potentially damaging to Peabody at the trial of this matter.

11. Additionally, Plaintiff, Defendant or the public would not be unfairly prejudiced by the impounding of the Affidavit, as the Affidavit does not contain any statements that are relevant to Peabody's defense of this matter.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY ON THIS 26th DAY OF APRIL, 2005.

_____
John J. McNamara